UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GETU TAMRAT,

                          Petitioner,                    Case No. C26-1169-MLP

        v.                                               ORDER DENYING MOTION FOR
                                                         TEMPORARY RESTRAINING ORDER
DREW BOSTOCK, *et al.*,

                          Respondents.

Petitioner Getu Tamrat is a native and citizen of Ethiopia, and is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. On April 7, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention and seeking release from custody. (Dkt. # 1.) More specifically, Petitioner, who is currently subject to a final order of removal, asserts in his petition that his ongoing detention is unlawful because the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(A) has expired and he has not received any custody review as required by the applicable regulations. (*See id.*) On April 9, 2026, Petitioner filed a motion for temporary restraining order ("TRO") seeking an order preventing Respondents from transferring or removing him from this Court's jurisdiction or the United States while this

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER - 1

matter is pending. (Dkt. # 4 at 7.)

The Court may grant an emergency motion to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve . . . jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906). "The purpose of such relief is 'merely to preserve the relative positions of the parties' pending further proceedings." *A.A.R.P.*, 605 U.S. at 96 (quoting *Lackey v. Stinnie*, 604 U. S. 192, 200 (2025)).

Petitioner has not demonstrated in his motion for TRO that transfer from this Court's jurisdiction or removal from the United States is imminent, nor has he demonstrated that the requested relief is otherwise necessary to preserve the status quo in this matter. Notably, the Scheduling Order issued by this Court on April 7, 2026, contemplates the concerns raised by Petitioner in his motion for TRO and addresses such concerns by requiring Respondents to provide Petitioner and his counsel "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States." (Dkt. # 2 at 2.) Thus, should Petitioner's transfer or removal become imminent during the pendency of this action, he will have adequate opportunity to seek appropriate relief from the Court. However, at this juncture, any request for such relief is premature.

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER - 2

Based on the foregoing, the Court ORDERS as follows:

(1)    Petitioner's motion for TRO (dkt. # 4) is DENIED.

(2)    The Clerk shall send copies of this Order to all counsel of record.

DATED this 9th day of April, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER - 3