UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETU TAMRAT,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ,<br><br>Respondent. | CASE NO. 26-1169-MLP<br><br>TEMPORARY RESTRAINING ORDER |

Petitioner Getu Tamrat has moved for reconsideration of the denial of his petition for habeas corpus and requests a temporary reinstatement of the bar on removal and transfer.[1] Tamrat is a citizen of Ethiopia detained at the Northwest ICE Processing Center in Tacoma, Washington. On April 24, 2026, Magistrate Judge Peterson denied Tamrat's petition for habeas corpus, in part noting that Petitioner was scheduled to be removed to Equatorial Guinea as a third country that would accept him, and that USCIS had made a negative fear determination regarding Petitioners fear of being removed to that country Dkt. No. 17 at 4.

---

[1] Counsel for Petitioner claims to be experiencing trouble filing the document on the Court's CM/ECF system, but has provided a copy of the motion to the undersigned, Magistrate Judge Peterson and to counsel for the Respondents.

TEMPORARY RESTRAINING ORDER - 1

However, Petitioner now asserts that he will be imminently deported to Cameroon and seeks a temporary bar on removal or transfer until he is given opportunity to respond to this new destination. Mot. at 2.

The risk of Tamrat imminent removal to a new third country does not conform to the findings upon which Magistrate Judge Peterson relied upon in denying petitioner's habeas relief and permitting removal to a third country. The Court therefore invokes its authority to grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). Accordingly, the Court orders as follows:

1. Petitioner's motion for an immediate temporary reinstatement of the bar on removal and transfer is GRANTED for the purpose of maintaining the status quo so that the assigned judge may review the merits of the Petitioner's emergency request after full briefing. The Court reserves ruling on all other aspects of the motion.

2. Respondents are PROHIBITED from removing Petitioner to any country or from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings, without further order, unless necessary for medical evaluation, medical treatment, or release. This order may be modified or dissolved by the assigned judge upon consideration of the motion on the merits.

TEMPORARY RESTRAINING ORDER - 2

3. Respondents must file a response, if any, to Petitioner's motion by 5:00 p.m. (PT) on April 28, 2026. No reply is permitted.

Dated this 25th day of April, 2026 at 9:45 a.m.

Jamal N. Whitehead
United States District Judge

TEMPORARY RESTRAINING ORDER - 3