UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GETU TAMRAT,

                        Petitioner,

    v.

JULIO HERNANDEZ, *et al.*,

                       Respondents.

Case No. C26-1169-MLP

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION

This is a federal habeas action brought under 28 U.S.C. § 2241. This matter is now before the Court on Petitioner's motion for reconsideration of the Court's April 24, 2026, Order denying his petition for federal habeas relief. (Dkt. # 22.) The Court, having reviewed Petitioner's motion, Respondents' response thereto (dkt. # 20), and the balance of the record, DENIES the motion.

## I.    BACKGROUND

Petitioner filed this action on April 7, 2026, seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). (*See* dkt. ## 1, 8.) Petitioner argued that his ongoing detention was unlawful for two reasons: (1) because the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(A) had expired and he had not been released on conditions of

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 1

supervision as required by § 1231(a)(3); and (2) because Respondents failed to comply with 8 C.F.R. § 241.4, which requires a custody review be conducted if detention is to be extended beyond the 90-day removal period. (*See* dkt. # 8 at 8-15.)

On April 19, 2026, Petitioner filed a motion for temporary restraining order ("TRO") seeking an order preventing Respondents from transferring or removing him from the Court's jurisdiction or the United States while this federal habeas action remained pending. (Dkt. # 9.) The Court directed Respondents to file a response to the motion for TRO in conjunction with their return, and directed that Petitioner not be removed from this jurisdiction or the United States without further order from the Court. (Dkt. # 12.) Respondents filed their return and response to the motion for TRO on April 21, 2026. (Dkt. # 13.)

On April 24, 2026, the Court issued an Order denying Petitioner's petition for writ of habeas corpus and directing that the previously imposed prohibition on Petitioner's removal from this jurisdiction or the United States be lifted. (Dkt. # 17.) The Court, in denying Petitioner's petition, found that Petitioner's detention beyond the 90-day removal period was authorized under 8 U.S.C. § 1231(a)(6), and that Respondents' failure to timely complete the custody review process did not entitle Petitioner to relief on either due process grounds, or under the Administrative Procedure Act. (*See id*. at 6-10.)

On April 25, 2026, Petitioner filed a motion for reconsideration under Local Civil Rule ("LCR") 7(h) and for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. # 22.) Petitioner included in his motion a request for temporary reinstatement of the bar on his removal and transfer. (*Id.*) United States District Judge Jamal N. Whitehead granted that request and set a deadline for Respondents to file a response to Petitioner's motion for reconsideration. (Dkt. # 19.) Respondents filed their response on April 28, 2026, and

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 2

Petitioner filed a reply to the response the following day despite Judge Whitehead having made clear in his Order that no reply was permitted.[1] (*See* dkt. # 19 at 3; dkt. # 23.)

## II.    LEGAL STANDARDS

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). The Local Rules of this District make clear that motions for reconsideration are disfavored and will be granted only in limited circumstances. *See* Local Rules W.D. Wash. LCR 7(h)(1). The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Though the Court has discretion to reconsider a prior order for manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple," and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Mah v. ICE Field Off. Dir.*, 2026 WL 585797, at *1 (W.D. Wash. Mar. 2, 2026) (citing *Gaskill v. Travelers Ins. Co.*, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012)). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

Rule 60(b) provides that, on "just terms," a court may relieve a party from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). Circumstances allowing for such relief include, *inter alia*, "mistake, surprise, inadvertence, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). The Court may also provide relief from a final judgment, order, or proceeding "for any

---

[1] Petitioner's reply brief (dkt. # 23) is not properly before the Court and is therefore STRICKEN. Judge Whitehead's Order expressly precludes the filing of a reply brief and the arguments presented therein already appear in Petitioner's motion for reconsideration.

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 3

other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

## III.    DISCUSSION

Petitioner identifies three bases for reconsideration in his pending motion: (1) the Court erred in denying relief on the ground that Petitioner had shown no prejudice in relation to his due process claim; (2) the factual posture of the case has materially changed since the Court's Order addressed Petitioner's removal to Equatorial Guinea and he has now been told he is going to Cameroon; and (3) the Court misapprehended the nature of the requested relief when it concluded that Petitioner's then pending motion for TRO was moot. (*See* dkt. # 22.) The Court addresses each argument briefly below.

### A.    Due Process/Prejudice

Petitioner first argues that the Court erred in denying relief on his due process claim because it did not give him an opportunity to respond to Respondents' return to his petition. (Dkt. # 22 at 2.) Petitioner maintains that the Court's analysis thus "relied in part on a danger and flight-risk narrative that was materially incomplete," and he offers additional argument and evidence in an attempt to demonstrate that the underlying administrative custody decision, and by extension the Court's prejudice analysis, was incorrect. (*See id.* at 3.) Petitioner goes on to argue that ICE's delay in conducting the custody review was not harmless, and he suggests the delay deprived him of additional process he would have been entitled to had ICE timely completed its review. (*See id.* at 7-8.) Petitioner appears to claim that a timely decision by ICE would have permitted him to challenge, after the fact, incorrect or misleading information that served as the basis of the custody decision. (*See id.* at 3-4, 7-10.)

At issue in this case was ICE's alleged non-compliance with regulations governing the detention of inadmissible noncitizens beyond the 90-day removal period; in particular, ICE's

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 4

failure to complete a post-order custody review in a timely fashion in accordance with 8 C.F.R. § 241.4(h), (k). These regulations provide that a designated ICE official conduct a records review prior to the expiration of the removal period and that the noncitizen be provided written notice 30 days in advance of the records review so that he or she may submit information in support of release prior to the designated review date. 8 C.F.R. § 241.4(h)(1), (2). The designated official is to then consider the noncitizen's immigration records and any information he or she has submitted, render a decision based on various factors identified in the regulations, and notify the noncitizen of the decision in writing. 8 C.F.R. § 241.4(h)(1)-(4). The designated official may also, in his or her discretion, schedule an interview with the noncitizen as part of the custody determination. *See* 8 C.F.R. § 241.4(h)(1). There are no interim steps in the process and there is no right to appeal the custody determination, *see* 8 C.F.R. § 241.4(d).

The record here shows Petitioner was served with notice of the custody review in a timely fashion, advised he could submit materials in support of release, and advised of the factors that may be considered in determining whether he should be released. (*See* dkt. # 16, Ex. H.) Petitioner did not submit anything for review, and a decision was made to continue his detention. (*Id.*, Ex. I.) Petitioner was entitled to no further process under the regulations. Thus, ICE's delay in issuing its custody decision could not have prejudiced Petitioner's ability to challenge the basis of that decision.

Petitioner's assertion that the Court's prejudice analysis was based on an incomplete record because he wasn't permitted to file a reply to Respondents' return is unpersuasive. Evidence presented in the course of this federal habeas proceeding is immaterial to the prejudice analysis. The Court will not second guess ICE's custody determination based on evidence and argument not presented during the course of the underlying custody review. Petitioner had an

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 5

opportunity to present evidence or argument as a part of the custody review process and did not do so.

Finally, the Court observes that since the outset of this action, Petitioner has been subject to a final order of removal and has been served with a notice of removal indicating the country to which he is to be removed. The primary relief requested in this action was release from detention. Because Petitioner's removal is reasonably foreseeable, he is properly detained for purposes of effectuating that removal regardless of any defects in ICE's custody determination procedure, and Petitioner offers no counter authority.

In sum, Petitioner has shown no manifest error or mistake in the Court's prejudice analysis and, thus, he is not entitled to relief under either LCR 7(h) or Rule 60(b)(1) with respect to that issue.

**B.      Material Change in Factual Posture**

Petitioner next argues that he is entitled to reconsideration because Respondents appear to be pursuing removal to Cameroon, and the Court's Order denying his petition addressed his removal to Equatorial Guinea. (Dkt. # 22 at 11-12.) The Court first observes that Petitioner did not assert in his petition any claims directly challenging his third-country removal and, thus, the Court only acknowledged in its prior Order that Petitioner was scheduled for removal to Equatorial Guinea. (*See* dkt. # 17.) In other words, the Court made no substantive findings relating to Petitioner's third-country removal, or the designated removal country. Moreover, Respondents assert in their response to Petitioner's motion for reconsideration that Petitioner's claims of removal to Cameroon are untrue, and they aver that ICE intends to remove Petitioner to Equatorial Guinea once the prohibition on his removal is lifted. (*See* dkt. # 20 at 1-2; dkt. # 21, ¶ 7.) Petitioner's argument regarding a change in the factual posture of this case does not entitle

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 6

him to reconsideration of the Court's prior Order.

### C.     Misapprehension of Requested Relief

Petitioner also argues that the Court misapprehended the relief he was seeking when it concluded that his motion for TRO was moot because removal would essentially provide him the relief he sought, *i.e.*, release from custody. (Dkt. # 22 at 12.) According to Petitioner, he challenged in his petition not only the lawfulness of his detention, he also "separately challenged Respondents' ability to remove him to a newly selected third country without lawful process." (*Id.*) Petitioner argues that "[t]he Court should therefore reconsider the mootness analysis and restore the status quo while the process issues are addressed." (*Id.*) As explained above, Petitioner did not present any direct challenge to his third-country removal in his petition and, thus, he fails to demonstrate any manifest error in the Court's mootness analysis. Moreover, as discussed above, there are no further "process" issues to consider. Thus, Petitioner is not entitled to reconsideration with respect to the Court's resolution of his prior motion for TRO.

### D.     Rule 60(b)(6)

Finally, Petitioner argues that relief is warranted under Rule 60(b)(6) because this case presents "extraordinary circumstances." (Dkt. # 22 at 12-13.) The Court disagrees. Petitioner's argument in support of his claim of entitlement to relief under Rule 60(b)(6) simply rehashes arguments already addressed and suggests that the accumulation of circumstances warrant relief. For all the reasons previously discussed, the Court rejects that argument.

### III.     CONCLUSION

Based on the foregoing, Petitioner's motion for reconsideration (dkt. # 22) is DENIED. The Court's prohibition on Petitioner's removal from either this jurisdiction or the United States (*see* dkt. # 19 at 2) is LIFTED.

DATED this 1st day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 8